UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-20373-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,
    Plaintiff,

v.

YENNY RENE LOPEZ,
VICTOR A. PEREZ and
ELMIS RUIZ RICANO,
    Defendants.
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

THIS MATTER came before the undersigned for a supplemental report and recommendation on the Defendant Yenny Lopez's Motion to Suppress (DE# 44, 9/13/11) and the Defendant's Motion to Suppress (DE# 48, 9/15/11)[1] filed by defendant Victor A. Perez. See Order of Reference (DE# 99, 12/5/11). Having held an evidentiary hearing on January 25, 2012 and carefully considered the applicable filings and the law, the undersigned finds that defendants Victor A. Perez and Elmis Ruiz Ricano did not tacitly consent to Officers Edgardo Bartra and Rolando Rios crossing into the area inside the fence surrounding the Target Residence.

## BACKGROUND

The defendants are charged with conspiracy to possess with intent to distribute marijuana, in violation of Title 21, United States Code, Section 846, using and

---

[1] Defendant Victor A. Perez moved to join defendant Lopez' motion to suppress. See Defendant's Motion to Suppress and Joinder (DE# 48, 9/15/11). Defendant Elmis Ruiz Ricano moved to join defendant Lopez and defendant Perez' motions to suppress. See Motion by Elmis Ruiz Ricano to Adopt Co-defendant Yenny Lopez' Motion to Suppress and Co-defendant Victor Perez' Motion to Suppress and Joinder (DE# 53, 9/20/11). The undersigned granted both motions for joinder. See Order (DE# 52, 9/15/11); Order (DE# 55, 9/28/11).

maintaining a place for manufacturing a controlled substance in violation of Title 21, United States Code, Section 856(a)(1) and possession with intent to distribute marijuana plants in violation of Title 21, United States Code, Sections 841(a)(1). See Indictment (DE# 19, 5/27/11).

The defendants moved to suppress statements and evidence. The undersigned held an evidentiary hearing on October 18, 2011. The undersigned issued a Report and Recommendation on the motions to suppress on November 8, 2011. See Report and Recommendation (DE# 81, 11/8/11). The defendants filed their objections to the Report and Recommendation and the government for the first time raised the issue of tacit consent in its response to the defendants' objections. See Government's Response to the Defendants' Objections to Report & Recommendation Recommending Denial of Motions to Suppress (DE# 94 at 1, 11/30/11). On December 5, 2011, the Honorable Joan A. Lenard referred the matter to the undersigned to take further testimony on the issue of how the police officers entered the area inside the fence surrounding the Target Residence and whether the defendants provided actual or tacit consent. See Order of Reference (DE# 99, 12/5/11).

On January 25, 2012, the undersigned held a second evidentiary hearing on the matter limited to the issue of consent. The government presented the testimony of Officers Edgardo Bartra and Rolando Rios. The defendants did not call any witnesses. Neither party sought to introduce exhibits.

## FINDINGS OF FACT

The undersigned finds that the testimony of Officers Edgardo Bartra and Rolando Rios at the January 25, 2012 was consistent with the testimony they provided

at the prior evidentiary hearing on October 18, 2011. The government does not dispute that Officers Edgardo Bartra and Rolando Rios did not ask defendants Victor A. Perez and Elmis Ruiz Ricano for permission to enter the property before crossing into the fenced area of the driveway and yard.

## ANALYSIS

In Bashir v. Rockdale Cty. Ga., 445 F.3d 1323 (2006), the Eleventh Circuit addressed the issue of tacit consent in the context of a section 1983, United States Code, Title 43 claim. In Bashir, the plaintiff filed a lawsuit against certain sheriff deputies for entering into his home and arresting him without a warrant. Id. at 1324. "The district court granted summary judgment in favor of the defendants, concluding, inter alia, the deputies had probable cause to make the arrest, did not employ excessive force, and were entitled to immunity from suit." Id. The Eleventh Circuit reversed the lower court, finding that the deputies were not entitled to qualified immunity because they had violated the plaintiff's Fourth Amendment rights when they entered the plaintiff's home to effectuate an arrest without a warrant and under circumstances that were not exigent. Id. at 1327-28, 1331. The Eleventh Circuit rejected the argument that the plaintiff had provided consent:

> [the deputy] never asked [the plaintiff] for permission to enter the house and [the plaintiff] never expressly invited him inside. He nonetheless contends [the plaintiff] "effectively invited" him into the house for him to explain what had happened. According to [the deputy], [the plaintiff]'s invitation c[ould] be implied from the fact [the plaintiff] spoke to him as he walked into the house and asked him questions once they were inside.

Id. at 1328-29. The Eleventh Circuit reasoned that:

> [The plaintiff]'s actions f[e]ll far short of the conduct [the Eleventh Circuit] ha[d] previously held sufficient to imply voluntary consent. In United

3

> States v. Ramirez-Chilel, 289 F.3d 744, 752 (11th Cir. 2002), [the Eleventh Circuit] found consent could be implied from the defendant's body language when, in response to the officers' requests for admittance, the defendant "yield[ed] the right-of-way" to the officers. Conversely, there [wa]s no evidence in the record [the plaintiff in the Bashir case] yielded the right-of-way **in response to a request for permission to enter. [The deupty] never asked for permission but simply followed [the plaintiff] into the house.** These facts [we]re materially similar to those of United States v. Gonzalez, 71 F.3d 819, 830 (11th Cir. 1996), where [the Eleventh Circuit] found consent to enter could not be inferred. In Gonzalez, a woman refused an officer permission to enter and search her home, and **the officer simply followed her inside** as she went to get a glass of water. Id. at 829. [The Eleventh Circuit] held the warrantless entry was presumptively unreasonable and "reject[ed] the government's argument that [her] failure to 'bar' [the officer's] follow-on entry when she went into her house to get a drink of water can be viewed as an adequate implied consent to that warrantless intrusion." Id. [The Eleventh Circuit] also **rejected the notion that "failure to object to a search equals consent to the search."** Id. at 829–30 (internal quotations omitted). **To permit the government to show consent to enter from the lack of an objection to the entry "would be to justify entry by consent and consent by entry.** This will not do." Id. at 830 (quoting United States v. Shaibu, 920 F.2d 1423, 1426 (9th Cir. 1990) (internal quotations omitted)). Thus, consent cannot reasonably be inferred from [the plaintiff]'s simple act of disengaging from conversation with [a sergeant] and walking into the house. Nor can consent reasonably be inferred from [the plaintiff]'s conduct once [the deputy] was already inside.

Id. at 1329 (emphasis added).

The undersigned is persuaded by the reasoning in Bashir and finds that defendants Victor A. Perez and Elmis Ruiz Ricano did not provide Officers Bartra and Rios with tacit consent to enter the area inside the fence surrounding the Target Residence. Of importance, Officers Bartra and Rios never asked these defendants for permission to enter beyond the fence surrounding the property. The government does not dispute this fact. There are no additional facts from which the undersigned could gleam actual or tacit consent. Therefore, the undersigned concludes that the

defendants did not provide tacit consent to the police to enter within the fenced area of the driveway and yard.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court find that defendants Victor A. Perez and Elmis Ruiz Ricano did not provide officers with tacit consent to enter the area inside the fence surrounding the Target Residence. Pursuant to 28 U.S.C. §636(b)(1)(B) and (C), the parties may serve and file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Judge, within fourteen (14) days of receipt of a copy of this Report and Recommendation. See Nettles v. Wainwright, 677 F. 2d 404 (5th Cir. 1982).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **31st** day of January, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record